

**CORPORATION SERVICE COMPANY**

BHY / ALL
Transmittal Number: 13666441
Date Processed: 04/09/2015

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Lynn DeFino<br>Principal Financial Group (Main - Transaction Only)<br>711 High Street<br>Des Moines, IA 50392 |
| **Entity:** | Principal Financial Group, Inc.<br>Entity ID Number 2345426 |
| **Entity Served:** | Principal Financial Group, Inc. |
| **Title of Action:** | Barbara M. Lang vs. Benefit Profiles, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Rockingham County Superior Court, New Hampshire |
| **Case/Reference No:** | 218-2015-CV-00206 |
| **Jurisdiction Served:** | Iowa |
| **Date Served on CSC:** | 04/09/2015 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Earl L. Kalil, Jr.<br>855-212-1234 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH 03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

**FOR SERVICE**

Case Name: **Barbara M Lang, et al v Benefit Profiles, LLC, et al**
Case Number: 218-2015-CV-00206

Date Complaint Filed: March 05, 2015

A Complaint has been filed against Benefit Profiles, LLC; Tracy L Churchill-Longo; CP Management, Inc.; James J Horne; Lisa M Larrabee; Principal Financial Group, Inc. in this Court. A copy of the Complaint is attached.

### The Court ORDERS that ON OR BEFORE:

| | |
|---|---|
| April 27, 2015 | Barbara M Lang; Catherine M Lang-Peterson Pagano shall have this Summons and the attached Complaint served upon Benefit Profiles, LLC; Tracy L Churchill-Longo; CP Management, Inc.; James J Horne; Lisa M Larrabee; Principal Financial Group, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| May 18, 2015 | Barbara M Lang; Catherine M Lang-Peterson Pagano shall file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Benefit Profiles, LLC; Tracy L Churchill-Longo; CP Management, Inc.; James J Horne; Lisa M Larrabee; Principal Financial Group, Inc. must file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent to the party listed below and any other party who has filed an Appearance in this matter. |

**Notice to Benefit Profiles, LLC; Tracy L Churchill-Longo; CP Management, Inc.; James J Horne; Lisa M Larrabee; Principal Financial Group, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
Earl L. Kalil, Jr., ESQ

Kalil & LaCount
681 Wallis Road
Rye NH 03870

BY ORDER OF THE COURT

March 13, 2015

Raymond W. Taylor

NHJB-2678-S (10/23/2013)

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                    SUPERIOR COURT

RECEIVED MAR 5 2015

BARBARA M. LANG
1867 Lafayette Road
Portsmouth, NH 03801

and

CATHERINE M. LANG-PETERSON PAGANO
A/K/A CATHERINE L. P. PAGANO
1867 Lafayette Road,
Portsmouth, NH 03801

*Plaintiff,*

v.

BENEFIT PROFILES, LLC
55 South Commercial Street, #10B
Manchester, NH 03101

CP MANAGEMENT, INC.
11 Court Street, Suite 100
Exeter, NH 03833

JAMES J. HORNE
354 Lincoln Avenue
Portsmouth, NH 03801

LISA M. LARRABEE
10 Meadowbrook Lane
Litchfield, NH 03052

TRACY L. CHURCHILL-LONGO
4 Clark Circle
Pelham, NH 03076

PRINCIPAL FINANCIAL GROUP, INC. d/b/a PRINCIPAL LIFE INSURANCE COMPANY
711 High Street
Des Moines, IA 50392

*Defendants.*

COMPLAINT

NOW COME the Plaintiffs, BARBARA M. LANG and CATHERINE M. LANG-PETERSON PAGANO A/K/A CATHERINE L. P. PAGANO, by and through their attorneys, Kalil & LaCount, and complain against the Defendants, BENEFIT PROFILES, LLC, CP MANAGEMENT, INC., JAMES J. HORNE, LISA M. LARRABEE, TRACY L. CHURCHILL-LONGO, and PRINCIPAL FINANCIAL GROUP, INC. d/b/a PRINCIPAL LIFE INSURANCE COMPANY as follows:

PARTIES

1. The Plaintiff Barbara M. Lang ("Plaintiff Lang") is an individual residing at 1867 Lafayette Road, Portsmouth, New Hampshire.

2. The Plaintiff Catherine M. Lang-Peterson Pagano a/k/a Catherine L. P. Pagano ("Plaintiff Pagano") is an individual residing at 1867 Lafayette Road, Portsmouth, New Hampshire.

3. The Defendant Benefit Profiles, LLC ("Defendant Benefit Profiles") is a limited liability company, specializing in insurance, organized under the laws of the State of New Hampshire and has a principal place of business of 170 South River Road, Bedford, New Hampshire.

4. The Defendant CP Management, Inc. ("Defendant CP Management") is a corporation, organized under the laws of the State of New Hampshire, which conducts property management and has a principal place of business of 11 Court Street, Suite 100, Exeter, New Hampshire.

5. The Defendant James J. Horne ("Defendant Horne") is an employee of Defendant CP Management, Inc. and is an individual residing at 47 Northrup Drive, Brentwood, New Hampshire.

6. The Defendant Lisa M. Larrabee ("Defendant Larrabee") is a Manager, Member, and employee of Defendant Benefit Profiles, LLC and is an individual residing at 10 Meadowbrook Lane, Litchfield, New Hampshire.

7. The Defendant Tracy L. Churchill-Longo ("Defendant Longo") is an employee of Defendant CP Management, Inc. and is an individual residing at 4 Clark Circle, Pelham, New Hampshire.

8. The Defendant Principal Financial Group, Inc. d/b/a Principal Life Insurance Company ("Defendant Principal") is a corporation organized under the laws of the State of Delaware, which provides financial services, including insurance, and has a principal place of business of 711 High Street, Des Moines, Iowa.

## FACTS

9. Thomas Ryerson ("Mr. Ryerson") was employed by Defendant CP Management, Inc. from on or about December 19, 2005 until his death on May 7, 2014.

10. Defendant Larrabee and Defendant Benefit Profiles arranged for Defendant Principal to provide life insurance for the employees of Defendant CP Management.

11. Defendant Longo was responsible for processing Defendant CP Management's employee benefit paperwork, including the paperwork electing life insurance coverage.

12. Defendant CP Management paid for a life insurance policy for each of its employees, including Mr. Ryerson, through Defendant Principal.

13. Employees of Defendant CP Management also had the option to purchase additional voluntary term life insurance through Defendant Principal.

14. On August 16, 2013, Mr. Ryerson completed paperwork (the "Insurance Forms") for the employee group life insurance (the "Group Life Insurance") and elected to procure

additional voluntary term life insurance (the "Voluntary Term Insurance") which included both an employee benefit election and a spouse/civil union partner benefit election.

15. Plaintiff Lang was named as the primary beneficiary of the Group Life Insurance and Voluntary Term Insurance employee benefit.

16. Plaintiff Pagano was named as the contingent beneficiary of the Voluntary Term Insurance spouse/civil union partner benefit; however, as Mr. Ryerson was named as the primary beneficiary and is deceased, the contingency has been met.

17. Defendant Longo was responsible for ensuring that the Insurance Forms were given to Defendant Benefit Profiles and Defendant Larrabee to process.

18. Defendant Benefit Profiles and Defendant Larrabee were responsible for providing the Insurance Forms to Defendant Principal.

19. Defendant Benefit Profiles, Defendant CP Management, Defendant Horne, Defendant Larrabee, Defendant Longo, and Defendant Principal failed to correctly process Mr. Ryerson's Insurance Forms.

20. After Mr. Ryerson's death, Plaintiff filed a claim for life insurance proceeds with Defendant Principal.

21. Defendant Principal paid the amount due under the Group Life Insurance provided by Defendant CP Management; however, it refused to pay the amount due under the Voluntary Term Insurance.

22. Defendant Principal claims that it never received the Insurance Forms.

23. As part of his compensation package, Mr. Ryerson was eligible for a bonus from his employer, Defendant CP Management.

24. Defendant Horne has stated on multiple occasions that Mr. Ryerson's bonus for 2014 would be prorated and paid.

25. After questions arose surrounding the processing of the Insurance Forms, Defendant Horne, on behalf of Defendant CP Management, refused to pay the bonus that he had previously acknowledged was owed.

## COUNT I

### (NEGLIGENCE – Plaintiff Lang v. Defendant Benefit Profiles)

26. The facts alleged in Paragraphs 1 through 25 are incorporated in this Count I by reference as if fully set forth herein.

27. Defendant Benefit Profiles owed a duty to Mr. Ryerson and Plaintiff Lang, as a beneficiary, to process the Insurance Forms properly.

28. Defendant Benefit Profiles breached its duty when it unreasonably failed to ensure that the Insurance Forms were properly processed.

29. The Plaintiff Lang has been harmed as a direct and proximate result of the Defendant Benefit Profiles' breach and is entitled to and hereby demands all damages resulting from said breach, including, but not limited to, compensatory, consequential and incidental damages, interest, and Plaintiff's costs.

## COUNT II

### (NEGLIGENCE – Plaintiff Pagano v. Defendant Benefit Profiles)

30. The facts alleged in Paragraphs 1 through 29 are incorporated in this Count II by reference as if fully set forth herein.

31. Defendant Benefit Profiles owed a duty to Mr. Ryerson and Plaintiff Pagano, as a beneficiary, to process the Insurance Forms properly.

32. Defendant Benefit Profiles breached its duty when it unreasonably failed to ensure that the Insurance Forms were properly processed.

33. The Plaintiff Pagano has been harmed as a direct and proximate result of the Defendant Benefit Profiles' breach and is entitled to and hereby demands all damages resulting from said breach, including, but not limited to, compensatory, consequential and incidental damages, interest, and Plaintiff's costs.

## COUNT III

### (NEGLIGENCE – Plaintiff Lang v. Defendant CP Management)

34. The facts alleged in Paragraphs 1 through 33 are incorporated in this Count III by reference as if fully set forth herein.

35. Defendant CP Management owed a duty to Mr. Ryerson and Plaintiff Lang, as a beneficiary, to process the Insurance Forms properly.

36. Defendant CP Management breached its duty when it unreasonably failed to ensure that the Insurance Forms were properly processed.

37. The Plaintiff Lang has been harmed as a direct and proximate result of the Defendant CP Management's breach and is entitled to and hereby demands all damages resulting from said breach, including, but not limited to, compensatory, consequential and incidental damages, interest, and Plaintiff's costs.

## COUNT IV

### (NEGLIGENCE – Plaintiff Pagano v. Defendant CP Management)

38. The facts alleged in Paragraphs 1 through 37 are incorporated in this Count IV by reference as if fully set forth herein.

39. Defendant CP Management owed a duty to Mr. Ryerson and Plaintiff Pagano, as a beneficiary, to process the Insurance Forms properly.

40. Defendant CP Management breached its duty when it unreasonably failed to ensure that the Insurance Forms were properly processed.

41. The Plaintiff Pagano has been harmed as a direct and proximate result of the Defendant CP Management's breach and is entitled to and hereby demands all damages resulting from said breach, including, but not limited to, compensatory, consequential and incidental damages, interest, and Plaintiff's costs.

## COUNT V

### (NEGLIGENCE – Plaintiff Lang v. Defendant Horne)

42. The facts alleged in Paragraphs 1 through 41 are incorporated in this Count V by reference as if fully set forth herein.

43. Defendant Horne owed a duty to Mr. Ryerson and the Plaintiff Lang, as a beneficiary, to process the Insurance Forms properly.

44. Defendant Horne breached his duty when he unreasonably failed to ensure that the Insurance Forms were properly processed.

45. The Plaintiff Lang has been harmed as a direct and proximate result of the Defendant Horne's breach and is entitled to and hereby demands all damages resulting from said breach, including, but not limited to, compensatory, consequential and incidental damages, interest, and Plaintiff's costs.

## COUNT VI

### (NEGLIGENCE – Plaintiff Pagano v. Defendant Horne)

46. The facts alleged in Paragraphs 1 through 45 are incorporated in this Count VI by reference as if fully set forth herein.

47. Defendant Horne owed a duty to Mr. Ryerson and the Plaintiff Pagano, as a beneficiary, to process the Insurance Forms properly.

48. Defendant Horne breached his duty when he unreasonably failed to ensure that the Insurance Forms were properly processed.

49. The Plaintiff Pagano has been harmed as a direct and proximate result of the Defendant Horne's breach and is entitled to and hereby demands all damages resulting from said breach, including, but not limited to, compensatory, consequential and incidental damages, interest, and Plaintiff's costs.

## COUNT VII

### (NEGLIGENCE – Plaintiff Lang v. Defendant Larrabee)

50. The facts alleged in Paragraphs 1 through 49 are incorporated in this Count VII by reference as if fully set forth herein.

51. Defendant Larrabee owed a duty to Mr. Ryerson and Plaintiff Lang, as a beneficiary, to process the Insurance Forms properly.

52. Defendant Larrabee breached her duty when she unreasonably failed to ensure that the Insurance Forms were properly processed.

53. The Plaintiff Lang has been harmed as a direct and proximate result of the Defendant Larrabee's breach and is entitled to and hereby demands all damages resulting from said

breach, including, but not limited to, compensatory, consequential and incidental damages, interest, and Plaintiff's costs.

## COUNT VIII

### (NEGLIGENCE – Plaintiff Pagano v. Defendant Larrabee)

54. The facts alleged in Paragraphs 1 through 53 are incorporated in this Count VIII by reference as if fully set forth herein.

55. Defendant Larrabee owed a duty to Mr. Ryerson and Plaintiff Pagano, as a beneficiary, to process the Insurance Forms properly.

56. Defendant Larrabee breached her duty when she unreasonably failed to ensure that the Insurance Forms were properly processed.

57. The Plaintiff Pagano has been harmed as a direct and proximate result of the Defendant Larrabee's breach and is entitled to and hereby demands all damages resulting from said breach, including, but not limited to, compensatory, consequential and incidental damages, interest, and Plaintiff's costs.

## COUNT IX

### (NEGLIGENCE – Plaintiff Lang v. Defendant Longo)

58. The facts alleged in Paragraphs 1 through 57 are incorporated in this Count IX by reference as if fully set forth herein.

59. Defendant Longo owed a duty to Mr. Ryerson and Plaintiff Lang, as a beneficiary, to process the Insurance Forms properly.

60. Defendant Longo breached her duty when she unreasonably failed to ensure that the Insurance Forms were properly processed.

61. The Plaintiff Lang has been harmed as a direct and proximate result of the Defendant Longo's breach and is entitled to and hereby demands all damages resulting from said breach, including, but not limited to, compensatory, consequential and incidental damages, interest, and Plaintiff's costs.

## COUNT X

### (NEGLIGENCE – Plaintiff Pagano v. Defendant Longo)

62. The facts alleged in Paragraphs 1 through 61 are incorporated in this Count X by reference as if fully set forth herein.

63. Defendant Longo owed a duty to Mr. Ryerson and Plaintiff Pagano, as a beneficiary, to process the Insurance Forms properly.

64. Defendant Longo breached her duty when she unreasonably failed to ensure that the Insurance Forms were properly processed.

65. The Plaintiff Pagano has been harmed as a direct and proximate result of the Defendant Longo's breach and is entitled to and hereby demands all damages resulting from said breach, including, but not limited to, compensatory, consequential and incidental damages, interest, and Plaintiff's costs.

## COUNT XI

### (NEGLIGENCE – Plaintiff Lang v. Defendant Principal)

66. The facts alleged in Paragraphs 1 through 65 are incorporated in this Count XI by reference as if fully set forth herein.

67. Defendant Principal owed a duty to Mr. Ryerson and Plaintiff Lang, as a beneficiary, to process the Insurance Forms properly.

68. Defendant Principal breached its duty when it unreasonably failed to ensure that the Insurance Forms were properly processed.

69. The Plaintiff Lang has been harmed as a direct and proximate result of the Defendant Principal's breach and is entitled to and hereby demands all damages resulting from said breach, including, but not limited to, compensatory, consequential and incidental damages, interest, and Plaintiff's costs.

## COUNT XII

### (NEGLIGENCE – Plaintiff Pagano v. Defendant Principal)

70. The facts alleged in Paragraphs 1 through 69 are incorporated in this Count XII by reference as if fully set forth herein.

71. Defendant Principal owed a duty to Mr. Ryerson and Plaintiff Pagano, as a beneficiary, to process the Insurance Forms properly.

72. Defendant Principal breached its duty when it unreasonably failed to ensure that the Insurance Forms were properly processed.

73. The Plaintiff Pagano has been harmed as a direct and proximate result of the Defendant Principal's breach and is entitled to and hereby demands all damages resulting from said breach, including, but not limited to, compensatory, consequential and incidental damages, interest, and Plaintiff's costs.

## COUNT XIII

### (BREACH OF EMPLOYMENT CONTRACT, WAGES – Defendant CP Management)

74. The facts alleged in Paragraphs 1 through 73 are incorporated in this Count XIII by reference as if fully set forth herein.

75. Defendant CP Management had a contractual obligation to pay Mr. Ryerson's bonus, as a part of his employment.

76. Defendant CP Management breached this duty when it withheld the payment of the prorated bonus, after admitting that it was owed and would be paid to the Plaintiff Lang.

77. The Plaintiff Lang has been harmed as a direct and proximate result of the Defendant CP Management's breach and is entitled to and hereby demands all damages resulting from said breach, including, but not limited to, compensatory, consequential and incidental damages, interest, and Plaintiff's costs.

## COUNT XIV

### (VIOLATION OF RSA 275:45 – Defendant CP Management)

78. The facts alleged in Paragraphs 1 through 77 are incorporated in this Count XIV by reference as if fully set forth herein.

79. Defendant CP Management owes the bonus that Mr. Ryerson had earned before his death.

80. The bonus is considered "wages" pursuant to RSA 275:42(III).

81. Defendant CP Management is not permitted to withhold the payment of wages not in dispute. See RSA 275:45.

82. Defendant CP Management does not dispute that the bonus is due.

83. As a result of Defendant CP Management's willful refusal to pay over wages it rightfully owes, the Plaintiff Lang is entitled to and demands her actual damages, continuing interest, statutory damages including but not limited to those available pursuant to RSA 275:44, and attorneys' fees pursuant to RSA 275:53(III).

## PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES

WHEREFORE, the Plaintiffs respectfully request that the Court:

A. Award the Plaintiffs' damages within the jurisdictional limits of the court, plus interest, costs, and attorneys' fees; and

B. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

BARBARA M. LANG and
CATHERINE M. LANG-PETERSON
PAGANO A/K/A CATHERINE L. P.
PAGANO

By their attorneys,

KALIL & LaCOUNT

Dated: March 3, 2015            By: _____
                                 Earl L. Kalil, Jr. (#1298)
                                 Joseph R. Russell (#18653)
                                 681 Wallis Road
                                 Rye, NH 03870
                                 (603) 964-1414